UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS A. CLARK,

    Petitioner,

v.

JEFF UTTECHT,

    Respondent.

Case No. C07-5573RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**December 28, 2007**

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. The petition is properly filed under 28 U.S.C. § 2254. Petitioner is challenges a 1999 conviction from Clark County. On page seven of the petition petitioner indicates he has previously filed a Federal Habeas Corpus petition in this court concerning his conviction and sentence (Dkt. # 1, page 7). Petitioner references cause number 06-CV-5015RJB.

    The court has examined the record in 06-CV-5015RJB, <u>Clark v Payne</u>. In that habeas corpus action Mr. Clark attempted to challenge the same conviction that is at issue today. The court dismissed the petition with prejudice as time barred (Dkt. # 30 in <u>Clark v. Payne</u>, 06-CV- 5015RJB). The court concludes this is a second or successive petition and should be transferred to the Ninth

REPORT AND RECOMMENDATION
Page - 1

Circuit.

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

(a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

By his own admission the petitioner is filing a second petition. This case must be transferred to the Ninth Circuit.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 31, 2007**, as noted in the caption.

DATED this 27 day of November, 2007.

                              */S/ J. Kelley Arnold*
                              J. Kelley Arnold
                              United States Magistrate Judge